IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER HUNT,                )
                                 )
         Petitioner,             )
                                 )
v.                               )   Case No. CIV-08-430-HE
                                 )
STATE OF OKLAHOMA, *et al.*,     )
                                 )
         Respondents.            )

**REPORT AND RECOMMENDATION**

The Petitioner, Mr. Christopher Hunt, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The Respondents have asked the Court to dismiss the petition because it contains unexhausted claims. The Court should grant the request and dismiss the petition without prejudice.

I.      BACKGROUND

In state court, the Petitioner was convicted of first-degree rape. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (Apr. 23, 2008) ("Petition"). Mr. Hunt unsuccessfully appealed, and he did not file an application for post-conviction relief. *See id.* at pp. 2-3.

The present action followed, with Mr. Hunt alleging:

•   violation of the Interstate Agreement on Detainers Act,

•   ineffective assistance of trial counsel,

•   judicial misconduct,

- violation of equal protection,

- deprivation of due process,

- insufficiency of the evidence for a conviction,

- suppression of exculpatory evidence, and

- failure by the State to fulfill its burden of proof.

II.     FAILURE TO EXHAUST STATE COURT REMEDIES

The parties dispute which claims have been exhausted in state court. But the disagreement is immaterial, as the Petitioner has clearly failed to exhaust at least one claim and that failure should result in dismissal of the entire petition.

    A.     The Exhaustion Requirement

Federal law provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A) (2000). A state prisoner must "fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

For each claim, Mr. Hunt can satisfy the exhaustion requirement by showing either: (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see* 28 U.S.C.

§ 2254(b)(1)(B)(i)-(ii) (2000). Even when a claim has not been presented in state court, exhaustion is unnecessary when it would be futile. *See Wallace v. Cody*, 951 F.2d 1170, 1171 (10th Cir. 1991). The Petitioner bears the burden to show satisfaction of the exhaustion requirement. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995); *White v. Meachum*, 838 F.2d 1137, 1138 (10th Cir. 1988). Dismissal of the entire action is generally necessary when a petition contains both unexhausted and exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

      B.    <u>The Petitioner's Claims</u>

The parties agree that Mr. Hunt has exhausted the claims involving violation of the Interstate Agreement on Detainers Act and insufficiency of the evidence. Petition at pp. 5, 10; Brief in Support of Motion to Dismiss for Failure to Exhaust Necessary State Remedies at p. 3 (May 15, 2008). But the Petitioner also alleges he has exhausted the claims involving ineffective assistance of trial counsel, judicial misconduct, violation of equal protection, denial of due process, and suppression of exculpatory evidence. Petition at pp. 6-10. The Petitioner agrees that he has not exhausted the claim involving the State's failure to meet its burden of proof. *Id.* at p. 20.

To determine whether the claims had been exhausted, the Court must consider whether they were fairly encompassed in the theories presented to the Oklahoma Court of Criminal Appeals ("OCCA") and, if not, whether a return to state court would be futile. *See supra* pp. 2-3. In the direct appeal, Mr. Hunt exhausted only the claim concerning ineffective

assistance of counsel. As a result, inclusion of the remaining unexhausted claims in the habeas petition should result in dismissal of the entire action.

> The Claims Involving Judicial Misconduct, Denial of Equal Protection, Deprivation of Due Process, Suppression of Exculpatory Evidence, and the State's Failure to Meet Its Burden of Proof

In part, Mr. Hunt alleges judicial misconduct, denial of equal protection, deprivation of due process, suppression of exculpatory evidence, and the State's failure to meet its burden of proof. Mr. Hunt alleges that all but the last claim were exhausted in his direct appeal,[1] but the Petitioner is mistaken. The direct appeal brief does not include any of those claims, and the Petitioner has admittedly not filed an application for post-conviction relief. *See* Brief to Support Motion to Hear Habeas Corpus for State's Failure to Acknowledge Necessary State Remedies at pp. 2-3, 5, 7 (May 30, 2008) ("Petitioner's Response"); Appellant's Brief, *passim*, *Hunt v. State*, Case No. F-2004-1145 (Okla. Crim. App. July 11, 2005). Thus, the claims are unexhausted.

### Claims Involving Ineffective Assistance of Trial Counsel

Mr. Hunt also claims ineffective assistance of trial counsel, and the parties disagree about exhaustion of this theory. The Court may assume *arguendo* that this claim was exhausted.

---

[1]   Petition at pp. 6-10.

<u>Futility and the Presence of an Excuse for Nonexhaustion</u>

As discussed above, exhaustion is excused when no state corrective process is available or when further pursuit in state court would be futile. *See supra* pp. 2-3. Mr. Hunt has argued that his appellate attorney was to blame for the failure to exhaust some claims and that he had been unable to obtain the state post-conviction application from the court clerk. Both arguments are invalid.

If appellate counsel was ineffective for failure to present one of his current claims, Mr. Hunt can seek post-conviction relief on this basis. The availability of post-conviction proceedings would supply an available corrective process, which Mr. Hunt must exhaust before he seeks federal habeas relief.

The Tenth Circuit Court of Appeals considered a similar situation in *Braggs v. Attorney General*, 166 F.3d 346, 1998 WL 864070 (10th Cir. Dec. 14, 1998) (unpublished op.). There a prisoner filed a habeas petition containing exhausted claims and an unexhausted claim for ineffective assistance of counsel. *See id.*, 1998 WL 864070, Westlaw op. at 1. The federal district court dismissed the petition because it contained both exhausted and unexhausted claims. *See id.* The Tenth Circuit Court of Appeals upheld the dismissal because the petitioner's ineffective assistance of counsel claim may not have been procedurally barred in state post-conviction proceedings. *Id.*, 1998 WL 864070, Westlaw op. at 1-2. The appeals court reasoned:

> In this case, [the petitioner] exhausted his sufficiency of the evidence claim by raising it on direct appeal. [The petitioner] failed, however, to present his ineffective assistance of counsel or due process claims before the

>     Oklahoma Court of Criminal Appeals.  Under Oklahoma law, if a prisoner bypasses an issue on direct appeal, he or she may not assert that issue in application for state post-conviction relief.  Thus, [the petitioner] might argue his remaining claims are procedurally barred, and therefore exhausted, since he bypassed direct appeal and collateral review is unavailable.
>
>     However, Oklahoma courts have recognized certain exceptions to the procedural bar rule.  Specifically, a defendant may raise issues in an application for post-conviction relief not asserted on direct appeal if "sufficient reason" prevented assertion of the error or if defendant bypassed direct appeal because of a procedural error of counsel.  Because there is a possibility that the state court may allow review of [the petitioner's] claims under one of these exceptions, there remains an available state avenue of redress, and [the petitioner] must exhaust that remedy before proceeding with his federal habeas petition.

*Id.* (footnote and citations omitted).

Mr. Hunt attributes his failure to exhaust to an error committed by his appellate counsel.  As *Braggs* explained, "a procedural error of counsel" may excuse a default under Oklahoma law.  *See supra* pp. 5-6.  Thus, Mr. Hunt may be able to assert this claim in post-conviction proceedings, and he must attempt to do so before he can seek federal habeas relief.

Although the Petitioner has a valid means of redress through post-conviction proceedings, he complains of an inability to obtain the required forms from prison officials.  Petition at pp. 11-12; Petitioner's Response at pp. 2, 5, 11; Letter from Christopher Hunt to Judge Bacharach at pp. 1, 4-6 (filed June 2, 2008).  The Petitioner's complaint about the unavailability of the form is misguided.

Oklahoma law provides a form application for post-conviction relief, but does not require it to be used.[2] And, were the form mandatory, Mr. Hunt could seek a writ of mandamus to compel the clerk to mail him a copy of the form. *See* Rule 10.1(A), Rules of the Oklahoma Court of Criminal Appeals.[3] As noted above, the Clerk is mailing a copy of the form to the Petitioner. *See supra* note 3. Thus, even if the form had been mandatory and unavailable, Mr. Hunt will now be able to seek post-conviction relief in state court.

C.      Summary

Mr. Hunt has not exhausted his claims involving judicial misconduct, violations of equal protection and due process, suppression of exculpatory evidence, and the State's burden of proof.

The OCCA may entertain these theories in collateral proceedings. *See supra* pp. 6-7. Thus, the Petitioner has an available means of redress in state court and resort to state post-

---

[2]     The form is appended as Form 13.11 to the Rules of the Oklahoma Court of Criminal Appeals. Under Rule 5.6 of the Rules of the Oklahoma Court of Criminal Appeals, the applicant "may" use this form if he seeks post-conviction relief. The rule does not require use of the form, and Oklahoma law requires the district court to "take account of substance" in the post-conviction application, "regardless of defects of form." Okla. Stat. tit. 22 § 1083(a). For the Petitioner's convenience, the Court is directing the Clerk to mail a copy of Form 13.11 to Mr. Hunt.

[3]     Mr. Hunt wrote to the undersigned and stated that he had asked the Court Clerk for various forms, including the post-conviction application, and received only the form for a habeas petition. Letter from Christopher Hunt to Judge Bacharach at p. 6 (filed June 2, 2008). Mr. Hunt also attached one letter to a brief, where he had asked the Court Clerk for a copy of the post-conviction application. Letter from Christopher Hunt to United States District Court, Court Clerk (Sept. 30, 2007). But this letter was written to the Court Clerk in the Western District of Oklahoma rather than a state court. The post-conviction application is for use in state court, and the clerk of the Western District of Oklahoma does not maintain the form.

conviction proceedings may not be futile. Under these circumstances, dismissal of the entire action is necessary.

III.  RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should dismiss the petition, without prejudice, for failure to exhaust state court remedies.

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is August 11, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV.  DOCKETING INSTRUCTIONS

The referral to the undersigned is terminated.

As stated above, the Court requests the Clerk to mail a copy of Form 13.11, Rules of the Oklahoma Court of Criminal Appeals, to Mr. Hunt. *See supra* p. 7 & note 3.

Entered this 22nd day of July, 2008.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge