IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER HUNT, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-08-0430-HE |
| | ) | |
| STATE OF OKLAHOMA, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner Christopher Hunt was convicted of first-degree rape in state court. His direct appeal was denied and he did not seek state post-conviction relief. He then instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief.

Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach. The magistrate judge has recommended that the petition be dismissed without prejudice because the petitioner failed to exhaust his claims involving judicial misconduct, violations of equal protection and due process, suppression of exculpatory evidence and the State's burden of proof. He concluded that the petitioner had an available means of redress in state court and that resort to state post conviction proceedings might not be futile. *See* 28 U.S.C. §2254(b)(1)(B)(i)-(ii).

The petitioner has filed an objection to the Report and Recommendation, which the court has considered in conducting its de novo review. The court realizes the petitioner may have been frustrated in his attempt to obtain the form he thought he needed

to initiate state post-conviction proceedings. However, as the magistrate judge noted, Oklahoma law does not require use of the form. See Rule 5.6, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App.[1]

The court concurs with the magistrate judge that the petitioner has failed to exhaust all his claims and that the petition should be dismissed. Accordingly, the court adopts Magistrate Judge Bacharach's Report and Recommendation and dismisses the petition for writ of habeas corpus without prejudice.

**IT IS SO ORDERED**.

Dated this 14th day of January, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1]*The petitioner's mistake may have been due to Rule 13, which proceeds the forms appended to the Rules of the Oklahoma Court of Criminal Appeals. That Rule is entitled "Mandatory Forms to be Utilized in Criminal Cases in the State of Oklahoma" and provides that "[t]he following forms shall be utilized by trial courts and parties in the prosecution and appeal of criminal cases in the State of Oklahoma." Rule 13, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. However, as the magistrate judge noted, Rule 5.6, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App., provides that "[a]ny convicted person who seeks post-conviction relief under this Act may apply to the trial court on the form provided ...," and 22 Okla. Stat. 1083(a) provides that when considering any application for post-conviction relief "the court shall take account of substance, regardless of defects of form."*

*The petitioner states in his Objections that he did not receive the copy of Form 13.11 that the magistrate judge directed be sent to him. The Court Clerk is directed to send the petitioner a copy of the form with this order.*